IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TUNGSTEN HEAVY POWDER AND PARTS, INC., <br><br> Plaintiff. <br> v. <br><br> GLOBAL TUNGSTEN & POWDERS CORPORATION and DOES 1-10, <br><br> Defendants. | No. 4:17-CV-01948 <br><br> (Judge Brann) |

**MEMORANDUM OPINION**

**FEBRUARY 1, 2018**

Defendant Global Tungsten & Powders Corporation has filed a Motion to Dismiss Plaintiff Tungsten Heavy Powder and Parts, Inc.'s Complaint. For the following reasons, this Motion will be granted.

**I.    BACKGROUND**[1]

**A. The Parties**

Plaintiff Tungsten Heavy Powder and Parts, Inc. ("Plaintiff" or "THPP") is a leading manufacturer of tungsten powder and tungsten-based products.[2] Such products are essential materials in a variety of commercial manufacturing

---

[1] When considering a motion to dismiss, a court assumes the truth of all allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Plaintiff's Complaint, ECF No. 1, and is presumed true for present purposes.

[2] Compl. (ECF No. 1) ¶ 2, at 1.

applications and industries such as the defense and aerospace, automotive, and healthcare industries.[3] Plaintiff is located in San Diego, California, and avers a California citizenship.[4]

Defendant Global Tungsten & Powders Corporation ("Defendant GTP") manufactures specialty powders, including tungsten powder.[5] Defendant GTP is a direct competitor of Plaintiff.[6] Defendant GTP is averred to be a citizen of Pennsylvania.[7] Also named as Defendants are Does 1-10, who are alleged to be "in some way responsible for, participated in, or contributed to the matters and things of which THPP complains herein."[8] The Complaint contains no indication as to the citizenship of these Doe Defendants.

### B. Factual Background

Plaintiff alleges that Defendant GTP has recently orchestrated a systemic campaign to destroy its reputation in the tungsten marketplace and thus reduce its business.[9] Defendant GTP's campaign against Plaintiff involves both its sales representatives and a third party lobbying firm.[10] This campaign includes telling customers that Plaintiff falsely represents the origin of its products and violates

---

[3] *Id.*
[4] *Id.* ¶¶ 6, 9, at 2-3.
[5] *Id.* ¶ 16, at 4.
[6] *Id.*
[7] Compl. (ECF No. 1) ¶ 9, at 3.
[8] *Id.* ¶ 8, at 3.
[9] *Id.* ¶17, at 4.
[10] *Id.* ¶ 18, at 4.ye

federal laws in the importation of materials.[11] Defendant GTP has further indicated to tungsten customers that it intends to report Plaintiff to law enforcement officials.[12]

False statements concerning the origin of Plaintiff's products specifically include Defendant GTP's representation that Plaintiff, despite its pledge to customers that all materials are made in the United States, is importing materials from the People's Republic of China.[13] Furthermore, Defendant GTP has also claimed that Plaintiff is having its materials inspected in Mexico, in violation of the federal International Traffic in Arms Regulations ("ITAR").[14] Defendant GTP continues to make these false statements to Plaintiff's current and prospective customers.[15] Most recently, on or about October 10, 2017, Defendant GTP's Vice President of Sales and Marketing communicated these statements to a current customer of Plaintiff at an industry trade show.[16] GTP representatives made similar statements to Plaintiff's other current and prospective customers at the same trade show.[17] Plaintiff alleges that this campaign by Defendants has caused and continues to cause serious and irreparable harm.[18]

---

[11] *Id.* ¶ 19, at 4.
[12] Compl. (ECF No. 1) ¶ 19, at 4.
[13] *Id.* ¶ 20, at 4.
[14] *Id.* ¶ 21, at 5.
[15] *Id.* ¶ 23, at 5.
[16] *Id.* ¶ 24, at 5.
[17] Compl. (ECF No. 1) ¶ 25, at 5.
[18] *Id.* ¶ 27, at 5.

**C. Procedural History**

Based on the above allegations and against the above parties, Plaintiff filed a Complaint in this Court on October 23, 2017.[19] In this Complaint, Plaintiff alleged four causes of action: (1) defamation, (2) intentional interference with business relations, (3) unfair competition, and (4) civil conspiracy.[20] On November 20, 2017, Defendant GTP filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[21] Following briefing, this motion is now ripe for disposition.[22]

## II. ANALYSIS

Defendant moves for the dismissal of this action on two separate grounds. First, Defendant argues that this Court should dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In the alternative, and should this Court be satisfied as to its jurisdiction, Defendant avers that dismissal is nevertheless appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Because I find that the Court lacks subject matter jurisdiction under 28 U.S.C. §

---

[19] ECF No. 1.
[20] *Id.*
[21] ECF No. 5.
[22] ECF Nos. 6, 7, & 10.

1332, I will dismiss the action without prejudice under Federal Rule of Civil Procedure 12(b)(1).[23] My reasoning is as follows.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims based on a lack of subject matter jurisdiction. A moving party may challenge subject matter jurisdiction by either facially or factually attacking the opposing party's assertion of jurisdiction.[24] In a facial attack, the moving party challenges whether jurisdiction has been properly pled by the opposing party.[25] In evaluating the merits of a facial attack, the court is limited to consideration of the allegations within the complaint along with any referenced and attached documents.[26] These allegations are viewed in the light most favorable to the non-moving party.[27] A factual attack under Rule 12(b)(1), however, challenges subject matter jurisdiction outside mere allegations within the complaint.[28] When a moving party makes a factual attack, the court is "free to weigh the evidence and

---

[23] Given that this Court lacks jurisdiction over the matter for want of federal question (28 U.S.C. § 1331) or diversity jurisdiction (28 U.S.C. § 1332), I will not opine on the merits of Plaintiff's claim, and will instead leave that discussion for a court of competent jurisdiction. *See In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993), *aff'd*, 39 F.3d 61 (3d Cir. 1994) ("When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.").
[24] *See Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).
[25] *Id.*; *Jarman v. Capital Blue Cross*, 998 F .Supp.2d 369, 374 (M.D.Pa. 2014) (Conner, C. J.).
[26] *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891).
[27] *Id.*
[28] *Mortensen*, 549 F.2d at 891.

satisfy itself as to the existence of its power to hear the case."[29] Furthermore, unlike in the case of a facial attack, the court accords the allegations of the complaint no presumption of truthfulness and can consider "affidavits, documents, and even limited evidentiary hearings."[30]

### B. Whether Plaintiff Has Adequately Alleged Complete Diversity

As noted, Defendant argues in its motion to dismiss that this Court lacks the subject matter jurisdiction alleged by Plaintiff as based on diversity of citizenship.[31] Plaintiff opposes that motion, and, seemingly conceding that the citizenship of the Doe Defendants is not alleged, instead requests expedited discovery on this issue.[32] Having considered the arguments of the parties and finding that diversity of citizenship jurisdiction has not been alleged on the face of the complaint, I will grant Defendant GTP's motion to dismiss on this ground.

Under 28 U.S.C. § 1332, a District Court has jurisdiction by way of diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states."[33] The Supreme Court of the United States has interpreted diversity of citizenship to require complete diversity—i.e. diversity between *each* plaintiff and

---

[29] *Id.*; *Jarman*, 998 F.Supp.2d at 374.
[30] *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 n. 4 (3d Cir. 2002).
[31] Compl. (ECF No. 1) ¶ 9, at 3. See also Def.'s Br. in Supp. (ECF No. 6), at 2-3.
[32] Pl.'s Br. in Opp. (ECF No. 7), at 7-8.
[33] 28 U.S.C. § 1332.

*each* defendant.[34] To establish citizenship within the meaning of Section 1332, an individual must be both "a citizen of the United States *and* be domiciled within the State."[35] If a party is a corporation, however, a plaintiff must allege both the corporation's state of incorporation and its principal place of business in order to properly plead diversity jurisdiction.[36] A corporation's principal place of business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities."[37] A corporation may have only one principal place of business, and proper invocation of diversity jurisdiction requires the plaintiff to allege where that principal place of business is located.[38] The burden of establishing diversity of citizenship is on the plaintiff.[39]

In the instant matter, the allegations of the Complaint[40] fail to show complete diversity of citizenship. First, Plaintiff fails to properly allege both its own corporate citizenship, and that of Defendant GTP. Plaintiff Tungsten Heavy Powder and Parts, Inc. is averred as "located in San Diego, California," and being

---

[34] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 836 (3d Cir. 2011).
[35] *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original).
[36] *See VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014).
[37] *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).
[38] *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x. 316, 320 (3d Cir. 2006).
[39] *Petruska v. Gannon University*, 462 F.3d 294, 301 n. 3 (3d Cir. 2006).
[40] Defendant's Motion to Dismiss under Rule of Civil Procedure 12(b)(1) is a facial attack on this Court's subject matter jurisdiction. See Def.'s Reply Br. (ECF No. 10), at 2 n.1. As such this Court's consideration is limited to the Complaint's allegations. *See Moyer Packing Co. v. United States*, 567 F.Supp.2d 737, 748 (E.D.Pa. 2008).

a citizen of that state.[41]  Defendant GTP, in turn, is averred simply as a citizen of Pennsylvania, devoid of any indication of the state of incorporation, or its principal place of business.[42]  These conclusory allegations of corporate citizenship are insufficient, as a corporation is deemed the citizen of both its state of incorporation and where it has its principal place of business.[43]  The failure to further delineate in this matter is therefore dispositive.

Furthermore and as previously noted, Plaintiff has included as Defendants "Does1-10" who are alleged to be "in some way responsible for, participated in, or contributed to the matters and things of which THPP complains herein."[44]  These Doe Defendants are central to Plaintiff's civil conspiracy claim, in which it avers that Defendant GTP conspired with representatives of a third party lobbying firm to undertake a campaign to spread false rumors.[45]  In *Mortellite v. Novartis Crop Protection, Inc.*, 460 F.3d 483 (3d Cir. 2006), the Third Circuit stated that where there are no allegations as to their citizenship, "John Doe parties destroy diversity jurisdiction if their citizenship cannot truthfully be alleged."[46]  Therefore, while the citizenship of defendants sued under fictitious names is disregarded in diversity

---

[41] Compl. (ECF No. 1) ¶¶ 6, 9 at 2-3.
[42] *Id.* ¶ 9, at 3.
[43] 28 U.S.C. § 1332(c)(1).
[44] Compl. (ECF No. 1) ¶ 8, at 3.
[45] *Id.* ¶ 74, at 11; *see also* Pl.'s Br. in Opp. (ECF No. 7), at 8.
[46] 460 F.3d at 494 (citing *Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 426 n.6 (3d Cir. 1987)).

cases removed from a state court,[47] the failure to allege the citizenship of a "John Doe" defendant in a non-removed action premised on diversity is fatal.[48] Here, Plaintiff has failed to properly allege the citizenship of John Doe Defendants 1-10—including, most pertinently, the third party lobbying firm—referenced within the Complaint's civil conspiracy claim. This action is therefore subject to dismissal for want of subject matter jurisdiction on this alternative ground.[49]

Finally, while a court may, under Rule 21 of the Federal Rules of Civil Procedure, drop a nondiverse party to preserve diversity jurisdiction if said party is not "indispensable,"[50] such an action is inappropriate in the instant matter. First, as previously explained, the Doe Defendants, inclusive of the third party lobbying firm, are indispensable given the civil conspiracy claim alleged.[51] Second, dismissal of the Doe Defendants would not cure Plaintiff's failure to properly plead its own corporate citizenship or that of Defendant GTP.[52] Similarly, while Plaintiff has cited non-binding authority in which courts have granted expedited

---

[47] *See* 28 U.S.C. § 1441; *D'Amelio v. Independence Healthcom Strategies Group, Inc.*, No. 16-3055, 2016 WL 6909102, at *3 (D.N.J. Nov. 22, 2016).

[48] *Osuch v. Optima Machinery Corp.*, No. 10-CV-6101, 2011 WL 2708464, at *2 (E.D.Pa. July 12, 2011).

[49] *See D'Amelio*, 2016 WL 6909102, at *3; *Osuch*, 2011 WL 2708464, at *2; *Frisof v. Swift Transp. Co., Inc.*, No. 07-CV-2331, 2008 WL 2550767, at *2-3 (M.D.Pa. June 23, 2008).

[50] *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010).

[51] *See, e.g., Miller v. Native Link Construction, LLC*, No. 15-CV-1605, 2016 WL 4701454, at *6 (W.D.Pa. Sept. 8, 2016).

[52] *Id.* (finding a complaint jurisdictionally deficient for failure to allege corporate citizenship through both place of incorporation and principal place of business).

discovery concerning the identity of Doe defendants,[53] I will not follow this practice given Plaintiff's failure to properly allege corporate citizenship.

### III. CONCLUSION

Based on the foregoing reasoning, Plaintiff's Complaint will be dismissed without prejudice to Plaintiff correcting the outlined deficiencies in this Court, or re-filing the action in a court of competent jurisdiction. Plaintiff will have twenty-one days within which to file an amended complaint, to the extent it can do so consistent with the jurisdictional requirements of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The failure to file an amended complaint within that timeframe will result in this case being closed by further Order of this Court.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[53] *See* Pl.'s Br. in Opp. (ECF No. 7) at 7-8 (citing *Avery v. Doe*, No. 96-8247, 1997 WL 88915, at *1 (E.D.Pa. Feb. 21, 1997); *Santiago v. Fed. Express Freight, Inc.*, No. 14-508, 2015 WL 6687617, at *3 (D.N.J. Oct. 30, 2015)). .